IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JOSHUA RAY RED CHERRIES, | ) | Cause No. CV 06-55-BLG-RFC-RWA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MONTANA STATE PAROLE BOARD; | ) | |
| CRAIG THOMAS; ED FOLEY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

On March 30, 2006, Plaintiff Joshua Red Cherries moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Red Cherries is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims.  28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is

frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Red Cherries' Allegations

Red Cherries asserts that the Parole Board has required him to complete sex offender treatment before he will be considered for parole or placement at a pre-release center. He asks the Court to "help" him obtain placement in a pre-release program or an out-of-state parole to Oklahoma. *See* Compl. (doc. 1) at 3-4, ¶¶ IV-V.

**III. Analysis**

A prisoner has no federal constitutional right to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1978). Under Montana law, the Parole Board has extremely broad discretion to set the conditions under which an inmate may be released. The statute that applies to Red Cherries says that the Board "*may* release on nonmedical parole ... any person ... when in its opinion there is reasonable probability that the prisoner can be released without detriment to the prisoner or to the community." The statute also says that "[a] prisoner *may* be placed on parole only when the board believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen." Mont. Code Ann. § 46-23-201(1), (5) (2005).[1] In other words, it is entirely up to the Board to decide what steps an inmate must take in order to provide the Board sufficient assurance that he may safely be released before his sentence expires.

Because the Board's discretion is so broad, Red Cherries has no federal right to be paroled without completing sex offender treatment. His Complaint should be dismissed with prejudice.

---

[1] The Court does not know when Red Cherries was originally sentenced, but the quoted portions of the statute have not been changed in substance since 1989. Red Cherries was seven years old at that time. *See* CON Network, http://app.mt.gov/conweb (accessed Oct. 20, 2006). Consequently, there is no question as to which version of the statute applies.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

**RECOMMENDATION**

The undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Red Cherries' Complaint (doc. 1) be DISMISSED WITH PREJUDICE and the docket reflect that his filing of this action counts as one strike against him for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this   23rd   day of October, 2006.

/s/ Richard W. Anderson
Richard W. Anderson
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4